Argued March 31; decided April 12, 1897.

## DUNHAM v. HYDE.
### (48 Pac. 422.)

MUNICIPAL ELECTIONS—DETERMINATION OF TIE VOTES—CODE, § 2539.—A town charter providing that all laws regulating general elections shall govern elections under the charter does not impose on the town recorder the duty of determining tie votes by lot in town elections, ·in the manner prescribed for county clerks in county and precinct elections by section 2539 of Hill's Code, since the charter provides neither that the town recorder shall be substituted for the county clerk in the application of the statute to the town, nor that the method of determining ties in county elections shall be adopted, instead of the different method prescribed in legislative elections.

From Coos:  J. C. FULLERTON, Judge.

Application by H. W. Dunham for writ of mandamus against W. H. S. Hyde, recorder of the town of Marshfield.  The writ was granted, and defendant appeals.

REVERSED.

*Messrs. D. L. Watson, Jr., Watson, Beekman & Watson,* and *D. Lowry Watson,* for appellant.

*Messrs. J. W. Bennett, John F. Hall,* and *P. H. D'Arcy* for respondent.

Opinion by MR. JUSTICE BEAN.

This is a mandamus proceeding to compel the defendant, as recorder of the town of Marshfield, to give notice to the petitioner and one Elrod, each of whom received an equal and the highest number of votes for the office of town marshal at the annual election held in December, 1896, requiring them to attend at his office, at a time to

be appointed by him, for the purpose of having their right to the office determined by lot. Upon the filing of the petition, a peremptory writ was issued, and defendant appeals.

It is not claimed by the petitioner that it is made the duty of the defendant by any particular provision of the charter of Marshfield to take the proceedings demanded, but the contention is that it is imposed upon him by section 2539 of Hill's Code, providing the procedure in the case of a tie in an election of county or precinct officers. Section 21 of the town charter of Mashfield provides that "all the laws of this State regulating and governing general elections and proceedings and matters incident thereto shall apply and govern elections under this act, except as herein otherwise provided," and the argument is that by this provision, section 2539 of the Code is incorporated into the charter as though recited in full. But the section referred to is a part of the general laws of the State, providing the time and manner of canvassing the returns and declaring the result of an election for State and County officers, and, since the manner of canvassing the returns and declaring the result of a town election is fully provided for in the charter, it may be well doubted whether the section in question is among the provisions of the general law regulating and governing elections intended to be made a part of the charter by section 21. But, however this may be, the incorporation of the section in the charter would not, it seems to us, extend its scope or operation so as to make it the duty of the recorder, in case of a tie in a city election, to take the same procedure required to be taken by the county clerk in case of a tie in the election of county or precinct officers. To do so would be enlarging by construction the powers and duty of the recorder much beyond the scope of the charter. If section 2539 of the Code is to be read into the charter, it

would seemingly make the county clerk, and not the city recorder, the proper officer to preside over the decision by lot, and declare the result in case of a tie in a town election, if it can be said that a town officer is to be deemed a precinct or county officer within the meaning of that section.    Section 21 of the town charter does not purport to impose this duty on the city recorder, or to add to or enlarge his powers or duties in any manner whatever.    His duties are specially provided in the charter, and no provision is made for his deciding or participating in the decision or determination of the result in case of a tie in the election of a city officer.

And again, the general laws of the State regulating and governing elections, contain different provisions for deciding a tie vote.    Thus, where the vote is a tie on candidates for the legislature, the law requires that a new election be had, while in case of county or precinct officers it is to be decided in accordance with the provisions of section 2539.    Now, if section 21 of the charter has the effect contended for, which of these provisions is to apply to the case in hand?    It is true a city marshal is not a member of the legislature, neither is he a county or precinct officer, and before either of these provisions can be made to apply to a case like the one before us the courts must do some judicial legislation under the guise of construction.    But why pursue this subject further?  Enough has been said, we think, to show that the law does not specially enjoin upon the defendant, as a duty resulting from his office, the performance of the act which it is sought to coerce by this proceeding.    For these reasons it follows that the judgment of the court below must be reversed, and the cause remanded, with directions to dismiss the petition.

REVERSED.